Filed 7/19/16  P. v. Cota CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO COTA,<br><br>    Defendant and Appellant. | D069049<br><br><br><br>(Super. Ct. No. SCS279566) |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Fernando Cota of battery with serious bodily injury (Pen. Code, § 243, subd. (d))[1] and assault by means likely to produce great bodily injury (§ 245,

---

[1]    All further statutory references are to the Penal Code.

subd. (a)(4).) The jury found true the allegation that Cota personally inflicted great bodily injury on the victim Alfredo Gallegos, who was not an accomplice to the offense (§ 12022.7, subd. (a)). Cota admitted two prior prison convictions (§ 667.5, subd. (b)). The court sentenced Cota to nine years in state prison, consisting of the upper term of four years on the assault count, a consecutive term of three years for the great bodily injury enhancement, and two one-year terms for the prison priors.

FACTS

On the morning of April 21, 2015, Cota and Gallegos were in a hallway of a jail in San Diego waiting to be transported by bus to San Diego County's South Bay Detention Facility (SBDF). Gallegos had been a member of the Varrios Chula Vista (VCV) gang for about 20 years but had decided to drop out of the gang. Cota was a member of the Otay gang, VCV's main rival.

Cota showed Gallegos a tattoo that read, "Fuck Chupa," which Gallegos understood to mean "Fuck Chula Vista." Gallegos took Cota's tattoo as a sign of disrespect and a threat. Cota said to Gallegos, "Do you want it now or later?" Gallegos indicated to Cota that he did not want to fight him. Gallegos sat behind Cota on the bus and the two engaged in casual conversation on the ride to SBDF. Gallegos thought the situation had "calmed down" and "everything was going to be fine."

When Cota and Gallegos arrived at the SBDF, they were placed in a holding tank and uncuffed. The holding tank was divided into two sections by a glass wall and sliding metal door that has a window on it. San Diego County Sheriff's Deputy Gustavo Reynoso was unchaining inmates on the other side of the glass wall from Cota and

2

Gallegos when he heard the sound of someone being punched. He looked into the adjacent cell and saw Cota punch Gallegos two or three times in the face. Gallegos fell to his knees and Cota punched him several more times in the face, causing him to fall backwards. Gallegos did not protect or defend himself. He tried to stand up but kept slipping on his blood that was on the floor. He was dazed, but eventually was able to reach a bench. Deputy Reynoso yelled at Cota to stop and then handcuffed him.

Gallegos was treated at a hospital for injuries resulting from the incident. A laceration on his chin required two sutures and a laceration on his lower lip required four sutures to prevent disfiguration of the lip. The doctor who treated Gallegos believed Gallegos also suffered a concussion.

### DISCUSSION

Appellate counsel has filed a brief summarizing the facts and proceedings below but raising no specific issues or argument for reversal. Counsel has asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and has identified the following "potential issues" under *Anders v. California* (1967) 386 U.S. 738 (*Anders*): (1) whether there was sufficient evidence to support the jury's finding that Cota inflicted great bodily injury on Gallegos; and (2) whether the trial court stated sufficient reasons for imposing the upper term sentence.

We offered Cota the opportunity to file a brief on his own behalf, and he has not responded.

Our review of the entire record under *Wende* and *Anders* has disclosed no reasonably arguable appellate issues. Appellate counsel has competently represented Cota on appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

HALLER, J.